1  Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
2  Amit Rana, Esq. (SBN: 291912)
    rana@braunhagey.com
3  BRAUNHAGEY & BORDEN LLP
   351 California Street, Tenth Floor
4  San Francisco, CA 94104
   Telephone: (415) 599-0210
5  Facsimile: (415) 276-1808

6  ATTORNEYS FOR DEFENDANT
   SUNNY DELIGHT BEVERAGES CO.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE HUNT and MALIKA JONES, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SUNNY DELIGHT BEVERAGES CO., a Florida Corporation,<br><br>Defendant. | Case No.  8:18-cv-00557-JLS-DFM<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS [FED. R. CIV. P. 11]**<br><br>[Submitted concurrently with Notice of Motion and Motion, Declaration of Matthew Borden, Declaration of Jim Gerbo and [Proposed] Order filed and lodged herewith pursuant to L.R. 5-4.4.1]<br><br>**Date:** 12/14/2018<br>**Time:** 10:30 a.m.<br>**Judge:** Hon. Josephine L. Staton |

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... I

TABLE OF AUTHORITIES ................................................................................ II

INTRODUCTION .................................................................................................. 1

FACTS ..................................................................................................................... 2

    A.    The Parties ............................................................................................ 2

    B.    The Products at Issue .......................................................................... 2

    C.    The False Allegations in the FAC ..................................................... 3

    D.    Plaintiffs' False Allegations Go to the Heart of This Case ............. 4

    E.    Plaintiffs Defrauded the Court ........................................................... 5

ARGUMENT ........................................................................................................... 5

I.    THE FACTUAL ALLEGATIONS ARE INTENTIONALLY FALSE .......................................................................................................... 6

II.    THE CLAIMS ARE LEGALLY FRIVOLOUS ............................................ 8

III.    PLAINTIFFS' CLAIMS ARE PRESENTED FOR AN IMPROPER PURPOSE ................................................................................ 10

IV.    PLAINTIFFS AND THEIR LAWYER SHOULD BE REQUIRED TO PAY ALL OF SUNNY DELIGHT'S ATTORNEY'S FEES AND COSTS ............................................................ 10

CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ............................................................................. 9

*G.C. and K.B. Inv., Inc. v. Wilson*,
  326 F.3d 1096 (9th Cir. 2003) .......................................................................... 5, 6

*Giganti v. Gen-X Strategies, Inc.*,
  222 F.R.D. 299 (E.D. Va. 2004) .......................................................................... 8

*Haden v. Letzgus*,
  1997 WL 414413 (6th Cir. July 31, 1997) .......................................................... 8

*O'Brien v. Alexander*,
  898 F. Supp. 162 (S.D.N.Y. 1995) ...................................................................... 8

*Superior Consulting Servs., Inc. v. Steeves-Kiss*,
  No. 17-CV-06059-EMC, 2018 WL 2183295 (N.D. Cal. May 11, 2018) ............ 11

*Townsend v. Holman Consulting*,
  *Gp.*, 914 F.2d 1136 (9th Cir. 1980) ............................................................... 5, 10

**RULES**

FED. R. CIV. P. 11 ................................................................................................ 1, 2, 5

**REGULATIONS**

21 CFR § 101.105 ........................................................................................................ 3

Defendant Sunny Delight Beverages Co. ("Sunny Delight") respectfully submits this memorandum in support of its motion for sanctions pursuant to Rule 11.

## INTRODUCTION

Plaintiffs Michele Hunt and Malika Jones have presented dozens of knowingly and material false allegations in their First Amended Complaint ("FAC"). Plaintiffs did so to mislead the Court into denying Sunny Delight's motion to dismiss their case. Plaintiffs' false statements go to the heart of the claims because they concern product labels that Plaintiffs purport to have relied upon in buying Sunny Delight products. Plaintiffs' factual and legal contentions are impossible because the "true labels" they say they relied on were never used on any of Sunny Delight's products, and actual labels contain disclaimers that disclose the very information Plaintiffs are suing Sunny Delight for "concealing." Sunny Delight respectfully moves under Rule 11 for an order imposing monetary sanctions against Plaintiffs and their lawyer.

In the FAC, Plaintiffs repeatedly allege that they would not purchase products that contain artificial ingredients and that they were unaware that any Sunny Delight products they allegedly bought contained artificial ingredients. In support of this theory, they represented to the Court that the images in Figure 1 of the FAC were true and correct images of the labels of products they purchased and that "All of the Products fail to disclose on the front label, as required by law, that they are artificially flavored." (FAC ¶ 22.) In response, Sunny Delight notified Plaintiffs that these images were not copies of its labels, and that many labels on products Plaintiffs supposedly bought expressly state on their face "artificially flavored."

Plaintiffs made no attempt to withdraw their false statements and, in fact, exhorted the Court to rely on them – which is precisely what the Court did in denying Sunny Delight's motion. (Dkt. No. 37 at 2 ("Plaintiffs allege that the following photos are true and accurate representations of the Products' labels").) As shown below, Plaintiffs have no reasonable basis for making their false claims about Sunny Delight's labels. The images in Figure 1 come from an outdated version of

Sunny Delight's website. They are not, and have never been, product labels. If Plaintiffs actually had bought the products, they would know this.

Rule 11 sanctions are warranted because Plaintiffs deliberately committed a fraud on the Court and are presenting false facts for the improper purpose of trying to prolong legally frivolous claims and extort money from Sunny Delight. Plaintiffs' lawyer brought this case on behalf of captive plaintiffs that he solicited after reading Sunny Delight's website. To date, Sunny Delight has incurred atleast $92,000 in legal fees. Plaintiffs and/or their lawyer should be required to pay all those fees.

## FACTS

### A. The Parties

Sunny Delight has been making juice drinks for 55 years. Its products do not purport to be "all natural," and Sunny Delight does not label them as such. The actual labels for many products Plaintiffs claim to have bought have front-of-pack language stating "artificially flavored." (Declaration of Jim Gerbo ("Gerbo Decl.") ¶ 6.)

Plaintiff Hunt is a serial litigant who has served as a plaintiff in other cases filed by her lawyer. (Declaration of Matthew Borden ("Borden Decl."), ¶ 2.) Plaintiffs' lawyer does not bring cases on behalf of injured people who approach him for legal service; rather, he recruits plaintiffs using a misleading solicitation through a website called "Class Action Rebates." (*Id.* ¶¶ 3-8; Exs. 1-4.) This is one of multiple putative "class actions" Plaintiffs' lawyer has filed against food and beverage companies, using cut-and-paste complaints and recycled plaintiffs. (*Id.* ¶ 3.)

### B. The Products at Issue

Both plaintiffs allege that they repeatedly purchased Sunny Delight products that contain the front-of-pack statement "artificially flavored." For example, Plaintiff Hunt alleges that she purchased Sunny Delight Fruit Punch. (FAC ¶ 130.) The label for Fruit Punch states right on the front, right next to the fruit: "Artificially

Flavored Fruit Punch." (Gerbo Decl. ¶¶ 4-6, Ex. 1.) For at least the last five years, every iteration of the U.S. Fruit Punch label (there were six in total) stated on the front of the label that the beverage contained artificial ingredients. (*Id.*, Exs. 1-6.)

Similarly, Plaintiff Jones alleges that she purchased Sunny Delight Orange Strawberry. (*Id.* ¶ 132.) The label for Orange Strawberry states on the front of the pack: "Orange Strawberry Artificially Flavored Citrus Punch." (*Id.* ¶ 7.) For at least the last five years, every iteration of the U.S. Orange Strawberry label stated on the front of the label that the beverage contained artificial ingredients. (*Id.*)

### C. The False Allegations in the FAC

Paragraph 10 of the FAC represents that Figure 1 is a "true and correct" image of the products Plaintiffs supposedly bought. This allegation is false. Figure 1 is in actuality a stylized image of the product that was used on an old version of Sunny Delight's website. (Gerbo Decl. ¶ 2.) It does not contain key language on the labels because the images are so small that viewers cannot read it when browsing the website. Most significantly, the image in Figure 1 omits that on the front, underneath the image of the fruit, the actual label for Orange Strawberry states: "Orange Strawberry Artificially Flavored Citrus Punch." (Gerbo Decl. ¶ 7.)

The images in Figure 1 lack obvious indicia of being real labels – especially to lawyers familiar with labeling requirements and branding. For example, the images in the FAC do not state the amount of fluid ounces in the container. As everybody knows, this is required by law. 21 CFR § 101.105 ("The principal display panel of a food in package form shall bear a declaration of the net quantity of contents. … The statement shall be in terms of fluid measure if the food is liquid …"). It is done for literally every bottled beverage sold in the U.S. No retailer would ever allow a beverage that did not disclose the fluid ounces of the product to be displayed on its shelves. That fact alone is simple and obvious proof that the images Plaintiffs presented in Figure 1 are not real labels.

That Plaintiffs represented that the images in Figure 1 were the labels that they saw and relied on explains the genesis of this lawsuit, *viz.*, that Plaintiffs' lawyer was trolling the internet looking for companies to sue, seized upon the website images, solicited captive Plaintiffs who said they bought the products, and sued Sunny Delight without investigating whether there was any truth to his claims.

### D. Plaintiffs' False Allegations Go to the Heart of This Case

The disclaimers on Sunny Delight labels are fatal to all of Plaintiffs' claims. As shown in Sunny Delight's motion to dismiss (Dkt. No. 26), because Plaintiffs represented that Fig. 1 contained true copies of the labels they supposedly relied on, there is no way they could have actually relied on the real labels. Further, because they claim to have repeatedly bought beverages, which clearly state on the front of the package that they were artificially flavored, they cannot truthfully represent that they care about artificial ingredients.[1]

In addition to the false statements in Fig. 1 and paragraph 10, at least 52 other paragraphs of the FAC are false. (*E.g.*, FAC ¶ 21 ["Conspicuously absent, however, from every label is the legally-required disclosure informing consumers that the Products are artificially flavored and do not contain all – or in some cases, any of – the fruits or juices shown on the label."]; ¶ 22 ["All of the Products fail to disclose on the front label, as required by law, that they are artificially flavored."]; ¶ 23 ["Because the Products' labels conceal the fact that the Products are made with artificial flavors, the labeling is false and misleading"]; ¶¶ 35-38 ["The 'Orange Strawberry' Product, however, contains no actual strawberries or strawberry juice. It is flavored with 'natural and artificial flavors' to mimic the flavor of strawberries. Defendant fails to disclose this on the Product's front label."]; ¶¶ 39-41; 44; 69; 70; 73-74; 76; 124; 127-28; 135; 137; 141-43; 147-48; 150-52; 174; 175-77; 180-83;

---

[1] Sunny Delight's motion to dismiss is incorporated by reference herein.

198; 202-03; 216-220; 225-36, 229; 233-37; 241-42; *see also* Borden Decl., Ex. 5 (chart showing the false allegations alongside actual labels).)

### E. Plaintiffs Defrauded the Court

In urging the Court to deny Sunny Delight's motion to dismiss, Plaintiffs stated that there was a "fact issue" about whether Figure 1 contained actual versions of Sunny Delight's labels. (Dkt. No. 27 at 8.) This was also false – there could not be a fact issue about the false allegations in Figure 1 and ¶ 10 of the FAC because the images in Figure 1 were never actual labels and have never been on any product. (Gerbo Decl. ¶ 2.) Thus, the images in Figure 1 cannot be photographs of the actual labels, as Plaintiffs represent in the FAC. Moreover, if Plaintiffs had actually read the actual labels as they represented they did, they would have known that the images in Figure 1 are not Sunny Delight's labels.

In reliance on Plaintiffs' false statements, the Court denied Sunny Delight's motion to dismiss. (Dkt. No. 37.) The Court specifically accepted as true, and relied on Plaintiffs' knowingly false statement that Figure 1 represented true and accurate copies of Sunny Delight's labels. (*Id.* at 2.) By the time that the Court relied on Plaintiffs' false allegations, Plaintiffs had been in possession of a declaration from Sunny Delight's counsel as to Sunny Delight's actual labels for 40 days, and a similar declaration from Sunny Delight's Chief Marketing Officer for 13 days. (Dkt. Nos. 26-2; 32-6.)

## ARGUMENT

Rule 11 prohibits filing and maintaining proceedings that are objectively unreasonable or lack proper purpose. *G.C. and K.B. Inv., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Townsend v. Holman Consulting Gp.*, 914 F.2d 1136, 1141 (9th Cir. 1980) (en banc) (quoting Advisory Committee Note).

The Rule creates three separate and independent reasons for imposing sanctions on an attorney and/or party. By signing a pleading, a party and its lawyer swear to the Court that the filing (1) is not being presented for an improper purpose (Rule 11(b)(1)), (2) that the claims have legal merit, (Rule 11(b)(2)), and (3) that the factual contentions have evidentiary support (Rule 11(b)(3)). Violation of any of these requirements, standing alone, or taken together, is grounds for sanctions. *E.g.*, *Wilson*, 326 F.3d at 1109.

As shown below, Plaintiffs and their lawyer violated all three prongs here.

## I. THE FACTUAL ALLEGATIONS ARE INTENTIONALLY FALSE

Rule 11 requires lawyers to perform an adequate investigation prior to making factual allegations in a pleading. As noted above, the FAC contains allegations that can only be knowingly false. These allegations include false representations about the content of labels of the products Plaintiffs are suing Sunny Delight for selling. (Gerbo Decl. ¶ 2.) Making these allegations, which go to the heart of Plaintiffs' claims, is objectively unreasonable. If Plaintiffs had read the actual labels – as they also allege – then Plaintiffs, and the lawyer who signed the pleadings, would know that these descriptions are false.

The FAC also includes a false image of the labels. (*Id.*) When Plaintiffs represented that these images were "true" images of Sunny Delight's actual labels, they knew that these images were not actual photographs of Sunny Delight's actual labels. The false allegations in Paragraph 10 and Figure 1 of the FAC only could have been orchestrated by capturing an image from an old version of the website and then presenting it to the Court as if it were an actual photo of the label – without looking at what the labels actually say. Even if Plaintiffs did not retain the labels from their purchases, all they needed to do was go to the store and look at the labels they were actually accusing, and they refused to do so after Sunny Delight pointed this out prior to the Court ruling on the motion to dismiss.

Making representations about the contents of the labels without reviewing the labels is unreasonable. As seen below (and further detailed in Borden Decl., Ex. 5), the allegations in the FAC are obviously false in light of the actual labels.

| **PLAINTIFFS' FALSE REPRESENTATIONS** | **ACUTAL LABELS** |
|---|---|
| 21. Conspicuously absent, however, from every label is the legally-required disclosure informing consumers that the Products are artificially flavored and do not contain all – or in some cases, any of – the fruits or juices shown on the label<br><br>22. All of the Products fail to disclose on the front label, as required by law, that they are artificially flavored.<br><br>137. Plaintiffs were specifically deceived by Defendant's omission of the fact that the Products contained artificial flavorings. Plaintiffs purchased the Products believing they were naturally-flavored, based on the Products' deceptive labeling and failure to disclose the artificial flavoring.<br><br>174. Defendant actively concealed the truth about the Products by not disclosing the existence of artificial flavoring ingredients on the front label of the Products …<br><br>198. The Products' front labels fail to disclose that they contain synthetic artificial flavoring and are not flavored with and do not contain any or all of the natural fruits shown on the labels …<br><br>202. Defendant fails to inform consumers of the presence of artificial flavors in the Products on the front label as required by law. | Gerbo Decl., Exs. 1-6 |

Moreover, Sunny Delight presented evidence that Plaintiffs' claims were false in conjunction with its motion to dismiss. Even if Plaintiffs had not done any investigation at that point, they were on notice that the FAC was false as of July 5, 2018, and had 40 days to investigate the representations therein before the Court accepted their false allegations. Instead of doing so, Plaintiffs falsely claimed that there was a "fact question" and urged the Court to rely on their false allegations. (Dkt. No. 27 at 8.) This was separately sanctionable. *O'Brien v. Alexander*, 898 F. Supp. 162, 176 (S.D.N.Y. 1995) (asking Court to rely on knowingly false allegations violates Rule 11).[2]

As Plaintiffs intended, the Court relied on their false representations and held that it could not rely on the actual product labels on a Rule 12(b)(6) motion. (Dkt. No. 37 at 4.) Accepting Plaintiffs' false allegations as true, the Court denied the motion. (Dkt. No. 37.) Plaintiffs' misconduct has unnecessarily prolonged this case, wasted the Court's time and forced Sunny Delight to incur needless legal fees.

## II. THE CLAIMS ARE LEGALLY FRIVOLOUS

Plaintiffs' entire case is built around their false factual allegations – i.e., that they were tricked into believing that all the products they supposedly bought were

---

[2] Courts have held that urging a Court to rely on false allegations waives the safe harbor period. In *Haden v. Letzgus*, the Court held that a plaintiff had waived the safe harbor by continuing to rely on its frivolous allegations in its filings with the court. 1997 WL 414413, *1 (6th Cir. July 31, 1997). Citing *Haden*, the court in *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299 (E.D. Va. 2004), held that the plaintiff relied on the improper allegations within the 21-day safe harbor and though the claims were ultimately dismissed within the safe harbor, plaintiff had waived its procedural right to the safe harbor by "remain[ing] steadfast in their support of the offending claims during the hearing on the motion to dismiss." *Id*. at 307.

free of artificial ingredients and that they would never buy any products if they knew that they contained artificial ingredients. For example, the FAC claims that "Plaintiffs were specifically deceived by Defendant's omission of the fact that the Products contained artificial flavorings. Plaintiffs purchased the Products believing they were naturally-flavored, based on the Products' deceptive labeling and failure to disclose the artificial flavoring." (FAC ¶ 137.) This allegation cannot be true because, as seen above, actual labels of products that Plaintiffs claim to have bought contain front-of-pack disclaimers.

It is objectively frivolous for Plaintiffs to repeatedly allege in the FAC that they read and detrimentally relied on the labels of products that they supposedly bought (*e.g.*, FAC ¶¶ 26, 127, 136-38), when actual labels contained front-of-pack disclaimers. If Plaintiffs read the labels as they said they did, they would know that they were buying products with artificial ingredients. As further detailed in Sunny Delight's motion to dismiss, in light of this fact, any claim that Plaintiffs care one way or another about artificial ingredients is specious.

In *Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002), the Ninth Circuit held that "Christian's complaint was legally and factually frivolous." *Id*. at 1128. In that case, plaintiff alleged that two Barbie dolls infringed his copyright. In concluding that the claims lacked a reasonable basis in fact or law, the Court noted that the heads of the accused Barbies bore copyright dates that predated plaintiff's copyright. Had plaintiff done reasonable investigation by examining the products he was accusing, he would have known that they were created earlier than his doll, which legally foreclosed his claims because "a prior-created work cannot infringe a later-created one." *Id*.

The same is true here. Had Plaintiffs actually examined the products they are accusing, they would know that their claims are objectively untenable. Their failure to do so renders their claims "legally and factually frivolous." *Id*.

## III. PLAINTIFFS' CLAIMS ARE PRESENTED FOR AN IMPROPER PURPOSE

Courts find improper purpose where a plaintiff has been informed of the falsity of his or her claims, but insists upon maintaining them anyway. *E.g.*, *Townsend*, 914 F.2d at 1144. Moreover, Plaintiffs' claims are part of a broader enterprise to extort businesses through soliciting plaintiffs with intimations that they will receive compensation for agreeing to lend their name to the case. As noted above, the claims arise from Plaintiffs' lawyer trolling the internet for claims and then soliciting plaintiffs. This is why Plaintiffs have misrepresented to the Court that stylized renderings from an old version of Sunny Delight's website are photos of the actual labels.

Further, Plaintiffs have insisted upon litigating this case in the most vexatious manner possible in hopes of coercing a payment from Sunny Delight. When Plaintiffs filed this lawsuit, they also named Grenadier, LLC as a defendant. On May 2, 2018, Defendants informed Plaintiffs that the claims against Grenadier were baseless. (Borden Decl. ¶ 10.) In response, Plaintiffs conceded that they had no information on the "relationship and interrelationships between the named parties (e.g., History of the relationships; [and] Time and Scope of agency/contractual relations . . .)." (*Id.*) Despite admittedly having no good-faith basis for naming Grenadier, Plaintiffs refused to dismiss Grenadier. (*Id.*) Left with no choice, Grenadier was forced to prepare and file a motion to dismiss. (Dkt. No. 15.) After making Grenadier file a motion to dismiss, Plaintiffs dismissed Grenadier without ever responding to the motion. (Dkt. No. 18.)

## IV. PLAINTIFFS AND THEIR LAWYER SHOULD BE REQUIRED TO PAY ALL OF SUNNY DELIGHT'S ATTORNEY'S FEES AND COSTS

Because Plaintiffs failed to correct their frivolous allegations before the expiration of the "safe harbor" period, they are at least liable for all the needless attorney's fees and costs they imposed. 5A Charles Alan Wright & Arthur R. Miller, FED. PRACTICE & PROC. § 1336.3 (2018) ("even though a district court is free to

10  Case No: 8:18-cv-00557-JLS-DFM
MPA ISO MOTION FOR SANCTIONS

impose a flat sanction or strike an offensive pleading in order to fulfill Rule 11's deterrent purpose, the court 'more commonly … may direct the offending party to pay the other party's reasonable attorney's fees.'"); *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-CV-06059-EMC, 2018 WL 2183295, at *1 (N.D. Cal. May 11, 2018) ("A Rule 11 sanction may consist of or include an order directing the violator to pay the attorney's fees incurred by the other party as a result of the Rule 11 violation.").

Here, Sunny Delight has been forced to incur atleast $92,000 to date. (Borden Decl. ¶ 13.) Plaintiffs should be required to pay all those fees and costs.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs and their lawyer should be forced to pay all of Sunny Delight's attorney's fees and costs, and the FAC should be dismissed with prejudice.

Dated: September 28, 2018      BRAUNHAGEY & BORDEN LLP

By: /s/ *Matthew Borden*
          Matthew Borden

Attorneys for Defendant
Sunny Delight Beverages Co.