UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-00557-JLS-DFM                    Date: December 18, 2018
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                       Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS (Doc. 42) AND DENYING PLAINTIFFS' MOTION TO STRIKE (Doc. 47)**

Before the Court is Defendant Sunny Delight Beverages Co.'s Motion for Sanctions. (Mot., Doc. 42; Mem., Doc. 42-1.) Plaintiffs Michele Hunt and Malika Jones opposed. (Opp., Doc. 49.) Defendant replied. (Reply, Doc. 50.) On December 14, 2018, the Court held a hearing on the Motion. For the reasons given below, the Court GRANTS Defendant's Motion.[1]

## I.     Background

Defendant manufactures and sells beverage products (the "Products") throughout California and the United States. (First Amended Complaint, Doc. 19 ¶¶ 28-30.) Some of Defendant's Products bear names derived from fruits, such as "Orange Strawberry," "Orange Pineapple," "Strawberry Guava," and "Watermelon." (*Id.* ¶¶ 12-20.) Other Products have names that are not directly derivative of particular fruits, such as "Smooth & Sweet" or "Blue Raspberry." (*Id.* ¶ 151.) Plaintiffs allege that they purchased Defendant's Products in Los Angeles County for personal consumption. (*Id.* ¶¶ 31-32.) Specifically, Plaintiff Hunt alleges that she purchased several different varieties of the

---

[1] On November 1, 2018, Plaintiffs filed a Motion to Strike Defendant's Answer and Affirmative Defenses. (Doc. 47.) No opposition or reply has yet been filed. As described below, however, that motion is now moot and therefore DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM     Date: December 18, 2018
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

Products as recently as November 2017, including the "Orange Pineapple" variety. (*Id.* ¶¶ 129-131.) Plaintiff Jones alleges that she also purchased several of the Products as recently as November 2017, including the "Orange Strawberry" and "Orange Pineapple" varieties. (*Id.* ¶¶ 132-134.)

On April 2, 2018, Plaintiffs filed the instant lawsuit on behalf of themselves and a class of similarly situated individuals. (Compl., Doc. 1.) On May 31, 2018, Plaintiffs filed their First Amended Complaint, alleging claims for (1) fraud, Cal. Civ. Code §§ 1709-1710; (2) negligent misrepresentation, Cal. Civ. Code §§1709-1710; (3) violation of the California Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.*; (4)-(5) two counts of violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.*; (6) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (7) breach of express warranties, Cal. Comm. Code § 2313; and (8) breach of implied warranties, Cal. Comm. Code § 2314. (FAC ¶¶ 173–258.)

Plaintiffs' claims center on alleged omissions and misrepresentations on the Products' labels. (*See, e.g.*, *id.* ¶¶ 34, 38, 40-51.) In particular, Plaintiffs allege that, although the Products' labels bear the names and depictions of fruit, none of the Products "contain any or all of the actual juices from the displayed fruits." (*Id.* ¶ 39.) Plaintiffs allege that the following photos are true and accurate representations of the "Orange Strawberry" and "Orange Pineapple" Products' labels:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                     Date: December 18, 2018
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.



(*Id.* ¶ 10.)

Regarding the "Orange Strawberry" Product, Plaintiff alleges that:

"As shown in [the image], above, the "Orange Strawberry" flavor Product's label shows life-like pictorial representations of fresh, ripe, whole strawberries . . . The "Orange Strawberry" Product, however, contains no actual strawberries or strawberry juice. It is flavored with "natural and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-00557-JLS-DFM | Date: December 18, 2018 |
| Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al. | |

artificial flavors" to mimic the flavor of strawberries . . . Defendant fails to disclose this on the Product's front label."

(*Id.* ¶¶ 35-38.)

Similarly, Plaintiff alleges that the "Orange Pineapple" and "[a]ll the other flavor-variety Products . . . are flavored to resemble the named and pictured natural fruit(s), but do not contain any or all of the actual juices from the displayed fruits." (*Id.* ¶ 39.) They further allege that Defendant does not disclose this fact on the Products' labels. (*See id.* ¶¶ 135, 137, 150-152.)

On July 5, 2018, Defendant moved to dismiss the First Amended Complaint.[2] (MTD, Doc. 26; Mem. to MTD, Doc. 26-1.) At that time Defendant sought to introduce evidence that the images of the "Orange Strawberry" and "Orange Pineapple" Products included in the First Amended Complaint are not in fact true and accurate depictions of those Products' labels. (*See* Mem. to MTD at 7; Borden Decl. to MTD, Doc. 26-2 ¶ 5.) Plaintiffs argued, however, and the Court agreed, that consideration of such evidence was improper at the pleading stage; the Court declined to take judicial notice of Defendant's evidence. (Opp. to MTD, Doc. 27 at 8-9; Order Denying MTD, Doc. 37 at 4.) Instead, the Court accepted Plaintiffs' allegations as true, including the accuracy of the disputed image. (Order Denying MTD at 6.) Relying on Plaintiffs' representations, the Court denied Defendant's motion to Dismiss. (*Id.* at 6-7, 10-11.)

Defendant now moves for Rule 11 sanctions against Plaintiffs, alleging that Plaintiffs defrauded the Court by knowingly including inaccurate images of the "Orange Strawberry" and "Orange Pineapple" Products' labels in the First Amended Complaint and inducing the Court to rely on such images and related allegations in its consideration of Defendant's motion to dismiss. (Mem. at 3-5.) Defendant re-proffers the evidence it attempted to submit with its motion to dismiss, namely, images of the purported actual labels of the "Orange Strawberry" and "Orange Pineapple" Products that include much, if not all, the information that Plaintiffs allege is unlawfully missing, including disclosures

---

[2] This was Defendant's second motion to dismiss. Defendant's first motion to dismiss (Doc. 15.) was mooted by the withdrawal of a co-defendant and Plaintiffs' filing of the First Amended Complaint. Unless otherwise noted, the discussion herein refers to the second motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-00557-JLS-DFM | Date: December 18, 2018 |
| Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al. | |

that the Products are "artificially flavored." (Mem. at n. 1; Mem. to MTD at 7; Borden Decl. to MTD ¶ 5).

Defendant also submits corroborating evidence in the form of a declaration from Defendant's Chief Marketing Officer, who attests:

> "Sunny Delight changes its labels from time to time. While it is unknown exactly when the Plaintiffs in this case claim to have bought their products, Sunny Delight has never sold a product labeled as the ones [depicted in] the First Amended Complaint are labeled. Sunny Delight product labels have always included more information about the products than shown in [the FAC]. The images in [the FAC] that Plaintiffs claim are the true labels they read and relied on are actually just images from an old version of Sunny Delight's website. Those were stylized images used on the website only. They lack numerous details on the actual labels because people looking at the website have trouble reading all the things that are on the actual labels given the size of the images. Sunny Delight has never sold any products with the labels reflected in [the FAC]."

(Gerbo Decl., Doc. 42-11 ¶ 2.) Defendant's Chief Marketing Officer further attests that,

> "[f]or at least the last 5 years, Orange Strawberry has contained the language 'artificially flavored citrus punch' right next to the fruit images on the front of the label. If Plaintiffs bought Orange Strawberry within the last five years, the beverage they purchased would have had a front-of-pack statement explaining that the beverage contained artificial ingredients."

(*Id.* ¶ 7.)

Finally, Defendant submits deposition testimony from Plaintiff Jones and Plaintiff Hunt confirming that the disputed images embedded in the First Amended Complaint are not in fact "true and accurate representations" of the labels Plaintiff Jones or Plaintiff Hunt actually purchased. (Jones Dep. Tr., Doc. 50-2 at 84:2-85:23, 90:1-92:19; Hunt Dep. Tr., Doc. 50-3 at 158:3-160:9, 169:18-171:6.) Rather, their testimony corroborates Defendant's assertions that the disputed images are merely stylized renderings of the labels ripped from Defendant's website. (*Id.*) Moreover, Plaintiff Jones and Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-00557-JLS-DFM | Date: December 18, 2018 |
| Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al. | |

Hunt admit that they were solicited to bring this lawsuit by Plaintiffs' counsel, who intimated to them that the stylized online labels were identical to the in-store labels on the Products Plaintiffs had purchased; neither Plaintiff Jones nor Plaintiff Hunt could fully recall the actual contents of the labels on the purchased Products. (Jones Dep. Tr. at 71:1-77:7; Hunt Dep. Tr. at 48:10-49:1.)

Plaintiffs do not meaningfully contest Defendant's version of the facts. Rather, Plaintiffs argue that their claims still have merit notwithstanding Defendant's cited disclosures on the "Orange Strawberry" and "Orange Pineapple" Products' labels. (Opp. at 5-10.)

## II.      Legal Standard

It is within the Court's discretion whether to impose an award of sanctions pursuant to Rule 11. *See, e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990) ("[I]n directing the district court to impose an 'appropriate' sanction, Rule 11 itself indicates that the district court is empowered to exercise its discretion."). Conduct sanctionable under Rule 11 includes presenting to the Court "a pleading, written motion, or other paper . . . for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Sanctions may also be imposed for presenting "claims, defenses, and other legal contentions [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Similarly, sanctions may be appropriate for presenting "factual contentions [that] have [no] evidentiary support or . . . will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Violations are determined by an objective standard. *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 434 (9th Cir. 1996); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) ("Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith."). "A sanction imposed under this rule must be limited to what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM             Date: December 18, 2018

Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

### III. Discussion

#### A. Sanctionable Conduct

On the record before it, the Court finds that Plaintiffs and their counsel knowingly made false factual contentions in their First Amended Complaint, including the allegation that the embedded image is a "true and accurate representation" of Defendant's "Orange Strawberry" and "Orange Pineapple" Products' labels (FAC ¶ 10), as well as numerous allegations that likewise incorrectly describe those Products' labels in ways that are central to the claims in the litigation. (*See, e.g.*, *id.* ¶¶ 35-38, 135, 137, 150-152). These falsehoods were not the product of reasonable mistake and were not mere inaccuracies that would "likely have [had] evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Plaintiffs' counsel acknowledged at the hearing that they based the First Amended Complaint on the labels depicted on Defendant's website, not on the labels on the actual Products. That approach might have been acceptable had Plaintiffs purchased the Products based on a website image, but they did not. These were in-store purchases, and the only relevant labels are the ones on the purchased Products themselves. It is apparent that Plaintiffs' counsel did not undertake the most fundamental of investigations—namely, examining the actual Product labels—before filing the First Amended Complaint. Moreover, after Defendant informed Plaintiffs that the website did not accurately depict the actual Product labels, Plaintiffs' counsel had the opportunity to acknowledge the inaccuracy in the First Amended Complaint, inform the Court, and remedy the misrepresentation. Instead they compounded the problem, arguing that Plaintiffs' taken-as-true allegations that the Products at issue lacked front-facing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFMDate: December 18, 2018
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

disclaimers precluded dismissal. Such conduct wasted the time and resources of Defendant and this Court. And it is sanctionable under Rule 11.[3]

### B.Appropriate Sanctions

Defendant seeks dismissal with prejudice and attorneys' fees for (1) preparing the instant motion; (2) preparing its first motion to dismiss; (3) preparing its second motion to dismiss; and (4) case analysis, investigation, correspondence, client communications and other litigation activities. (Mot. at 1; Borden Decl. ¶ 14.)

Striking the First Amended Complaint is appropriate. "Since its original promulgation, Rule 11 has provided for the striking of pleadings and the imposition of disciplinary sanctions to check abuses in the signing of pleadings." Fed. R. Civ. P. 11 at Notes of Advisory Committee on Rules – 1983 Amendment; *and see id.* at Notes of Advisory Committee on Rules – 1993 Amendment ("The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper."). Striking the entire First Amended Complaint is appropriate because Plaintiffs' sanctionable misrepresentations taint the entire pleading. The Court will not parse through Plaintiffs' allegations to determine which, if any, are salvageable, unimplicated by Plaintiffs' dishonesty, and rightly should have survived Defendant's motion to dismiss. Nor will it require Defendant to do the same on another motion to dismiss or motion to strike. It would be manifestly unjust to allow this case to proceed on the First Amended Complaint against Defendant having arrived at the current posture on false premises. Moreover, allowing the First Amended Complaint to survive would not deter Plaintiffs' "conduct or comparable conduct by others similarly situated" because it would gift Plaintiffs the benefits of discovery, favorable Orders and other gains made in this action through dishonesty. Fed. R. Civ. P. 11(c)(4).

---

[3] Plaintiffs note that Defendant did not attempt to meet and confer prior to filing its Motion, as required by C.D. Cal. R. 7-3. (Opp. at 11.) Pursuant to Rule 11, however, Defendant served the Motion and supporting papers on Plaintiffs more than 21 days prior to presenting it to the Court. (Borden Decl., Doc. 42-2 ¶ 11; Ex. 6 to Borden Decl., Doc. 42-8.) Here, Rule 11 subsumes the otherwise applicable Local Rule and certainly provides Plaintiffs with "the substance of the contemplated motion and any potential resolution" well in advance. C.D. Cal. R. 7-3.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                                         Date: December 18, 2018
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

Such striking, however, is without prejudice. Despite the inaccuracies in the First Amended Complaint, Plaintiffs contend that at least some of their claims still have merit. (Opp. 8-10.) Indeed, "[t]he Court [did] not decide whether the presence of [Defendant's front-facing] disclaimer would, as a matter of law, preclude Plaintiffs from asserting claims that they were misled by the labels." (Order Denying MTD at n. 3.) More importantly, the Court is wary of "confus[ing] the issue of attorney honesty with the merits of the action," as sanctions are meant to address only the former. Fed. R. Civ. P. 11 at Notes of Advisory Committee on Rules – 1993 Amendment. Hence, just as the Court does not sift through the First Amended Complaint to determine if any allegations are divorced from Plaintiffs' misconduct and retain merit, neither does wade into the merits to find that each and every claim is forever prejudiced by the newly-revealed facts. Accordingly, Plaintiffs may file a Second Amended Complaint, to the extent they are able to do so in compliance with Rule 11. Until such time, discovery and all other proceedings in this cased are stayed. Failure to timely file a compliant pleading will result in dismissal of the action.

But striking without prejudice does not entirely fulfill the deterrent purpose of Rule 11 sanctions, as a "do-over" may provide little disincentive to the filing of dishonest pleadings. Therefore, monetary sanctions are also appropriate, including an award to Defendant of reasonable attorneys' fees. Fed R. Civ. P. 11(c)(4). Such an award, however, "should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation." Fed. R. Civ. P. 11 at Notes of Advisory Committee on Rules – 1993 Amendment. Here, preparation of the instant Motion and Defendant's second motion to dismiss are clearly traceable to Plaintiffs' misconduct; the misrepresented labels formed the core of the dispute and were the primary basis for the Court's Order. (*See* Order Denying MTD.) As discussed above, however, the Court does not find, at this stage, that the misrepresentations at issue in this Motion necessarily render the entire suit frivolous or vexatious. Therefore, fees for general casework or preparation of the first motion to dismiss (which focused primarily on jurisdictional issues), are not warranted. Accordingly, the Court awards Defendant attorneys' fees associated with preparation of the instant Motion and the second motion to dismiss, in an amount to be determined. The Court will make such a determination upon receipt of further evidence, as described below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                                 Date: December 18, 2018
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

### IV.      Conclusion

       For the foregoing reasons, Defendant's Motion is GRANTED. The First Amended Complaint is STRICKEN without prejudice. Any Second Amended Complaint must be filed no later than twenty-one (21) days from the date of this Order. Until such time, discovery and all other proceedings in this case are STAYED. The January 4, 2019 hearing on Plaintiffs' Motion to Strike Defendant's Answer and Affirmative Defenses (Doc. 47) is VACATED, and the motion is DENIED as moot.

       Defendant is further ORDERED to submit, no later than seven (7) days from the date of this Order, billing records or other detailed accounting of the attorney time spent preparing the second motion to dismiss and the instant Motion, as well as competent evidence supporting the rates claimed therefor. Although the Court will not entertain re-argument as to *whether* sanctions should be awarded, within five (5) days thereafter, Plaintiffs may file any objection to the reasonableness of the *amount* of fees requested. At such time, the question of the amount of monetary sanctions and fees to be awarded shall be deemed under submission.

                                                                Initials of Preparer: tg