UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                                           Date: February 13, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                             Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER AWARDING DEFENDANT MONETARY SANCTIONS**

On December 18, 2018, the Court Granted Defendant Sunny Delight Beverages Co.'s motion for sanctions.  (Sanctions Order, Doc. 55.)  In that Order, the Court found that "Plaintiffs and their counsel knowingly made false factual contentions in their First Amended Complaint."  (*Id.* at 7.)  Accordingly, the Court struck the full First Amended Complaint without prejudice.  (*Id.* at 8-9.)  Noting that "striking without prejudice does not entirely fulfill the deterrent purpose of Rule 11 sanctions, as a 'do-over' may provide little disincentive to the filing of dishonest pleadings," the Court further concluded that "monetary sanctions are also appropriate, including an award to Defendant of reasonable attorneys' fees."  (*Id.* at 9 (citing Fed. R. Civ. P. 11(c)(4)).)

"Such an award, however, 'should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation.'"  (*Id.* (quoting Fed. R. Civ. P. 11 at Notes of Advisory Committee on Rules – 1993 Amendment).)  The Court thus limited Defendant's eligible fee recovery to "attorneys' fees associated with preparation of the [motion for sanctions] and the second motion to dismiss."  (*Id.*)  To allow the Court to calculate such an award, the Court ordered Defendant to submit "billing records or other detailed accounting of the attorney time spent preparing the second motion to dismiss and the [motion for sanctions], as well as competent evidence supporting the rates claimed therefor."  (*Id.* at 10.)  Defendant timely complied by filing a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                              Date: February 13, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

declaration of Defendant's counsel attesting to his qualifications and rates, as well as to the qualifications and rates of his colleagues who worked on the motions at issue. (Borden Decl., Doc. 56 ¶¶ 5-14.) Attached to said declaration are time logs detailing the tasks undertaken by each attorney for all claimed time. (Exs. 1-5 to Borden Decl., Docs. 56-1 to 56-5.) Additionally, Defendant submitted a declaration from its CEO attesting that the rates described in Defendant's counsel's declaration are the actual rates charged to Defendant in this matter. (Mortati Decl., Doc. 57 ¶ 3.) Plaintiffs timely filed an objection to the reasonableness of Defendant's claimed fees. (Pltfs' Objection, Doc. 58.)

Defendant claims the following fees fall under the purview of the Sanctions Order: (1) $48,000.00 for preparing the second motion to dismiss; (2) $33,110.13 for preparing the sanctions motion; (3) $3,273.00 to comply with the Court's directive to provide fee documentation; (4) $4,460.00 preparing an answer to the First Amended Complaint; (5) $11,922.50 preparing an opposition to Plaintiffs' motion to strike portions of that answer; and (6) $5,329.35 for partial fees pertaining to taking Plaintiffs' depositions. (Borden Decl. ¶¶ 3-4.) Regarding the $48,000.00 for preparing the second motion to dismiss and $33,110.13 for preparing the sanctions motion, Defendant's counsel attests that those figures reflect a self-imposed reduction of more than $14,000 from the lodestar amount to "eliminate any possibility of duplication and inefficiency." (Borden Decl. ¶¶ 19-20.)

As an initial matter, the Court finds that the first three categories of fees are within the ambit of the Sanctions Order, whereas the latter three are not. Although some fees in the latter categories may be logically traceable to Plaintiffs' sanctionable conduct, the Court does not find them "directly and unavoidably caused by the violation" enough to warrant reimbursement under Rule 11.

This leaves $84,383.13 in eligible claimed fees. Having reviewed Defendant's evidence, the Court finds this amount to be reasonable. The claimed rates are reasonable in light of Defendant's counsel's qualifications, actual billing rates, and the Court's own experience and knowledge of prevailing billing rates in this district. The claimed hours are reasonable considering the scope of the motions at issue and the extent of briefing, hearings, and other requisite efforts. Moreover, the Court does not find duplication of attorney efforts or other inefficiencies beyond those already written off by Defendant.

Importantly, the Court also finds that an award of $84,383.13 sufficiently—but not excessively—serves the deterrent purpose of Rule 11 sanctions. Unlike fee-shifting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-00557-JLS-DFM | Date: February 13, 2019 |
| Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al. | |

statutes, Rule 11 does not serve to compensate attorneys dollar-for-dollar.  Rather, Rule 11's emphasis is to ensure the transgression will not be repeated.  Hence, a proper monetary sanction may be more or less than the amount suffered by the victim party.  Here, however, the Court finds that a sanction of $84,383.13 is rightly proportionate to the severity of Plaintiffs' violation and should dissuade similar conduct going forward.

  Accordingly, Plaintiffs are ORDERED to remit to Defendant $84,383.13, no later than fourteen (14) days from the date of this Order.

                Initials of Preparer:  tg