JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-00557-JLS-DFM            Date: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                      Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 66)

Before the Court is Defendant Sunny Delight Beverages Co.'s Motion to Dismiss. (Mot., Doc. 66; Mem., Doc. 66-1.) Plaintiffs Michele Hunt and Malika Jones opposed. (Opp., Doc. 70.) Defendant replied. (Reply, Doc. 73.) On April 5, 2019, the Court held a hearing on the Motion. Having taken the matter under submission and considered the parties' briefs and oral argument, the Court GRANTS Defendant's Motion.

**I.**     **Background**

The facts and allegations underlying this dispute are well-known to the parties and are described in detail in the Court's prior Orders. (*See* Order re MTD, Doc. 37 at 1-3; Sanctions Order, Doc. 55 at 1-4.) In short: Defendant manufactures and sells beverage products (the "Products"); Plaintiffs are consumers who purchased the Products; and the dispute centers on whether the Products are lawfully labeled.

         **A.**     **The First Amended Complaint and the Court's Sanctions Order**

Plaintiffs included in their First Amended Complaint images alleged to be true and accurate representations of certain Products' labels. (FAC, Doc. 19 ¶ 10.) Citing those images, Plaintiffs further alleged that Defendant failed to include required disclaimers regarding the presence of artificial flavors. (*Id.* ¶¶ 135, 137, 150-152.) Accepting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                                          Date: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

Plaintiffs' allegations as true, including the accuracy of the images, the Court denied Defendant's Motion to Dismiss the First Amended Complaint. (Order re MTD at 6-7, 10-11.) In doing so, the Court explicitly relied on the images. (*Id.* at 6.)

Defendant then filed a Motion for Sanctions under Rule 11, arguing that the images in the First Amended Complaint were merely stylized renderings of the Products' labels that omitted important disclaimers and other information included on the Products' actual labels. (Mot. for Sanctions, Doc. 42.) In support of its Motion for Sanctions, Defendant submitted testimony from both its own personnel and Plaintiffs' depositions establishing and corroborating that the labels depicted in the First Amended Complaint were not the labels on the Products that Plaintiffs actually purchased. (*See* Sanctions Order at 4-6; Gerbo Decl. to Mot. for Sanctions, Doc. 42-11 ¶¶ 2, 7; Jones Dep. Tr., Doc. 50-2 at 84:2-85:23, 90:1-92:19; Hunt Dep. Tr., Doc. 50-3 at 158:3-160:9, 169:18-171:6.)

The Court granted Defendant's Motion for Sanctions. (Sanctions Order at 10.) In doing so, the Court found that

> Plaintiffs and their counsel knowingly made false factual contentions in their First Amended Complaint, including the allegation that the embedded image is a "true and accurate representation" of Defendant's [] Products' labels, as well as numerous allegations that likewise incorrectly describe those Products' labels in ways that are central to the claims in the litigation. These falsehoods were not the product of reasonable mistake and were not mere inaccuracies that would "likely have [had] evidentiary support after a reasonable opportunity for further investigation or discovery."

(*Id.* at 7 (quoting Fed. R. Civ. P. 11(b)(3)) (internal citations omitted).) The Court further noted that "the only relevant labels are the ones on the purchased Products themselves." (*Id.* at 7.) Finally, the Court found sanctions appropriate because "Plaintiffs' counsel had the opportunity to acknowledge the inaccuracy in the First Amended Complaint, inform the Court, and remedy the misrepresentation. Instead they compounded the problem" by continuing to argue that the Court should rely on the inaccurate images. (*Id.* at 7-8.) "Such conduct wasted the time and resources of Defendant and this Court." (*Id.* at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                              Date: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

As sanction for Plaintiffs' dishonest conduct, the Court struck the First Amended Complaint. (*Id.*) The Court declined to wade into the merits of Plaintiffs' allegations or assess whether the claims were salvageable in light of the newly-revealed facts. (*Id.* at 9.) Rather, the Court permitted Plaintiffs to "file a Second Amended Complaint, to the extent they are able to do so in compliance with Rule 11." (*Id.*) The Court warned Plaintiffs that "[f]ailure to timely file a compliant pleading will result in dismissal of the action." (*Id.*) Noting that a mere "'do-over' may provide little disincentive to the filing of dishonest pleadings," however, the Court also found monetary sanctions appropriate. (*Id.*) After further briefing, the Court determined that "$84,383.13 [was] rightly proportionate to the severity of Plaintiffs' violation and should dissuade similar conduct going forward." (Order re Sanctions Amount, Doc. 69 at 3.) The Court issued monetary sanctions against Plaintiffs in that amount. (*Id.*)

### B.     The Second Amended Complaint and the Instant Motion

Plaintiffs filed their Second Amended Complaint on January 8, 2019. (SAC, Doc. 59.) Plaintiffs allege therein that they purchased multiple flavors of Defendant's Products, inducing the "Orange Mango" and "Orange Strawberry" varieties. (*Id.* ¶¶ 173, 176.) Plaintiffs further allege that they purchased Products packaged in 128-ounce and 64-ounce bottles. (*Id.* ¶¶ 174, 177.) Like the First Amended Complaint, the Second Amended Complaint includes purported images of the labels at issue. Specifically, Plaintiffs allege that the following images are "true and accurate representation[s] of Defendant's Orange Mango and Orange Strawberry Products and their front labels:"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                           Date: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.



(*Id.* ¶ 24.) Additionally, Plaintiffs allege that the following images, with the disclosures at issue circled, are otherwise "true and accurate representation[s] of Defendant's Orange Mango and Orange Strawberry Products and their side labels:"



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM              Date: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

(*Id.* ¶¶ 28-29.)

The distinction between the "front" and "side" labels is crucial to Plaintiffs' claims. Indeed, the Second Amended Complaint includes numerous allegations that Defendant's labels are unlawful because they include certain disclosures inconspicuously on the *side* label instead of prominently on the *front* label. (*Id.* ¶¶ 20-37, 60-64, 75-76, 81-86, 181.)

Defendant now moves for dismissal under Rule 41(b) for Plaintiffs' failure to comply with the Court's Sanctions Order. (Mem. at 8.) Defendant points out that the images in the Second Amended Complaint are of 16-ounce Product bottles, whereas Plaintiffs allege to have purchased only 64-ounce and 128-ounce bottles. (*Id.* at 9-10.) Defendant submits the following images of such larger bottles and argues that Plaintiffs intentionally used images of labels on smaller bottles to misrepresent the placement of disclosures on the Products Plaintiffs actually purchased. (Mem. at 8-10; Gerbo Decl., Doc. 66-11 ¶ 6 ("The labels for each size container are different. [Defendant] prints its labels on a flat film that is wrapped around a container. The labels on the smaller bottles have proportionately smaller lettering and fit around the bottles differently than the labels fit around the 64 oz. or 128 oz. containers.").)



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFMDate: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

(Ex. 3 to Gerbo Decl., Doc. 66-14; Ex. 5 to Gerbo Decl., Doc. 66-16.) As these pictures reveal, the shape and girth of a given bottle affects how certain elements on the bottle's label appear more toward the "front" or more toward the "side" of the container.

Plaintiffs concede that the images in the Second Amended Complaint are of smaller containers of Defendant's Products than those which Plaintiffs actually purchased. (Opp. at 8 n. 1.) Plaintiffs insist, however, that the labels on the smaller bottles are "illustrative of the actual labels for the [purchased] Products" and that "the labels of [the purchased] sizes are not materially different from the labels of the smaller sized products that are pictured in the [Second Amended Complaint]." (*Id.*)

## II. Legal Standard

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (quoting *Thompson,* 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986)). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors." *Id.* at 1261 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987)). Reviewing for abuse of discretion, the Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM  Date: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

### III. Discussion

#### A. Failure to Comply with the Court's Order

There is no dispute that the images in the Second Amended Complaint are not accurate depictions of the actual labels underlying this dispute. Plaintiffs' attempt to substitute such extraneous labels for the labels that matter is a clear violation of the Court's prior Order, in which Plaintiffs were sanctioned for founding their allegations on images that did not accurately reproduce the labels on the Products Plaintiffs actually purchased. (Sanctions Order at 7.) Indeed, the Court explicitly warned Plaintiffs that "the only relevant labels are the ones on the purchased Products themselves." (*Id.*) The Court afforded Plaintiffs an opportunity to remedy their violation, conform their allegations to the Court's Order, and continue to prosecute their claims. (*Id.* at 9.) Plaintiffs now squander that opportunity by engaging in *precisely the same conduct* that the Court found violated Rule 11. Plaintiffs again gird their allegations of unlawful labeling practices with images of labels that are not the labels affixed to the Products at issue. This is not an instance of mere embellishment or tangential hyperbole. "[T]he misrepresented labels form[] the core of the dispute" and are essential to any evaluation of the merits of Plaintiffs' claims. (*Id.*) The Court stressed this point to Plaintiffs and yet was ignored.

The centrality of the labels to Plaintiffs' claims also shows the error in Plaintiff's contention that the labels depicted in the Second Amended Complaint are not materially different from the actual labels at issue. It does not matter if extraneous labels are similar to the labels at issue. They are not the same. Inasmuch as Plaintiffs' claims hinge on the precise placement of certain disclosures and whether such placement would mislead consumers, even small differences in the placement of those disclosures are plainly material. The labels on the Products that Plaintiffs purchased are the only labels that matter. Any misrepresentation, deviation, or other effort to draw the Court's attention away from those specific labels affects adjudication of Plaintiffs' claims that *those specific labels are unlawful*. Hence, pleading reliance on any labels but the labels on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM　　　　　　　　　　　　　　　Date: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

Products Plaintiffs actually purchased is a violation of Rule 11 and a material violation of the Court's Sanctions Order.[1]

### B.　　Appropriateness of Dismissal

#### 1.　　The Public's Interest in Expeditious Resolution of Litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, this factor strongly favors dismissal. Plaintiffs commenced this action over one year ago. By their own repeated misconduct, this litigation has yet to move forward. Plaintiffs have shown a proclivity for wasting the time and resources of the Court by filing false pleadings that warrant striking and require the parties to start back at square one. These antics needlessly delay any movement toward a resolution on the merits and strongly contravene the public's interest in expedient disposition of cases.

#### 2.　　The Court's Need to Manage Its Docket

This factor strongly favors dismissal. The Central District of California is one of the busiest judicial districts in the nation and the Court's attention is better spent on parties who conform to the requisite standards of conduct. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Moreover, Plaintiffs' flagrant repudiation of an

---

[1] Although the basis for this Order is Plaintiffs' failure to comply with the Court's Sanctions Order by again submitting pleadings grounded on inaccurate images, the Court notes other aspects of the Second Amended Complaint constitute independent Rule 11 violations (and thereby also violations of the Court's Order to replead consistent with Rule 11). For example, the Second Amended Complaint alleges that "Plaintiffs were unaware that the Products contained artificial flavoring" and "Plaintiffs reasonably assumed the Products to be free of artificial Flavoring." (SAC ¶¶ 102, 184.) In a deposition that had already been taken and transcribed at the time of the filing of the Second Amended Complaint, however, Plaintiff Hunt admitted that she was aware at the time of purchase that the Products contained artificial flavoring. (*See* Hunt Dep. Tr., Doc. 66-10 at 27:9-25.) Plaintiffs' contradictory allegations have no basis in fact and thus violate Rule 11. *See* Fed. R. Civ. P. 11(b)(3).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-00557-JLS-DFM | Date: April 09, 2019 |
| Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al. | |

explicit directive erodes the Court's confidence that it can effectively manage this suit or Plaintiffs' compliance with court rules and orders going forward.

### 3. The Risk of Prejudice to Defendant

This factor strongly favors dismissal. Needless or unreasonable delay in prosecution of the action creates a presumption of prejudice against Defendant. *See Hernandez*, 138 F.3d at 400-01 (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976)). As discussed above, Plaintiffs' sanctionable conduct has unreasonably stalled this case. Moreover, Defendant has already demonstrated that Plaintiffs' misconduct forces Defendant to needlessly incur significant expenses—expenses that will surely mount if Plaintiffs are afforded yet another opportunity to replead their claims, and which Defendant may not fully recoup. (*See* Order re Sanctions Amount at 2-3 (limiting Defendant's recovery and noting that sanctions are primarily meant to deter misconduct and "do[] not serve to compensate attorneys dollar-for-dollar").) Any remedy short of dismissal will further prejudice Defendant.

### 4. The Public Policy Favoring Disposition of Cases on Their Merits

On its face, this factor generally disfavors dismissal. *Yourish*, 191 F.3d at 992; *Pagtalunan*, 291 F.3d at 643. But here, the public policy concerns are lessened. First, this is not a civil rights case. *Cf. Hernandez*, 138 F.3d at 399 (citing *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987)). Nor should the Court relax its pleading requirements to facilitate resolution on the merits, as is appropriate where a plaintiff is proceeding *pro se*. *Cf. Eldridge*, 832 F.2d at 1137; *Ferdik*, 963 F.2d at 1261. Finally, this is not an instance where Plaintiffs' plainly plausible claims would be stopped short by mere procedural defect. Although the Court has thus far declined to wade into the merits, Plaintiffs' continuous misrepresentation of core facts suggests a dearth of actual pleadable injury. If Plaintiffs believed reality supported a cause of action, they could have pleaded facts that actually exist. Instead, they have twice now attempted to base claims on falsities. Thus, the Court finds that the public policy interest in reaching the merits is weakened here.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00557-JLS-DFM                                Date: April 09, 2019
Title: Michelle Hunt et al. v. Sunny Delight Beverages Co. et al.

### 5.     The Availability of Less Drastic Alternatives

This factor strongly supports dismissal where, as here, the Court has actually tried less drastic alternatives and is still unable to curb the violative conduct. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132. In response to Plaintiffs' initial misconduct, the Court attempted the less drastic alternatives of monetary sanctions and striking the operative pleading without prejudice. *See Yourish*, 191 F.3d at 992 (noting that—although allowance to replead following a 12(b)(6) dismissal is not a "less drastic alternative" because such dismissal is not in response to any disobedience—dismissal with allowance to replead is a "less drastic alternative" when done as part of prior sanctions). Those attempts failed to deter Plaintiffs from engaging in identical disobedience, and the Court must now resort to dismissal with prejudice. Moreover, the Court need not contemplate further less drastic alternatives where, as here, it has explicitly warned Plaintiffs that failure to obey the Court's Order will result in dismissal. *Ferdik*, 963 F.2d at 1262.

On balance, four factors strongly favor dismissal, whereas only one factor disfavors dismissal. Accordingly, the Court dismisses this action with prejudice under Rule 41(b) for Plaintiffs' repeated failure to comply with the Federal Rules of Civil Procedure and this Court's Order.

### IV.     Conclusion

For the foregoing reasons, the Motion is GRANTED and the case is DISMISSED WITH PREJUDICE.


                                                      Initials of Preparer: tg